UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------x
MELANIE CARLIN,

                Plaintiff,

      -against-                      **COMPLAINT**

GARY L. YEN, M.D., and INNOVATIVE
PAIN MANAGEMENT

                Defendants,
-----------------------------------------------------------------x

RECEIVED MAY 27 2016 AT 8:30 WILLIAM T. WALSH

16 - 3039 (FLW/LHG)

      Plaintiff, by her attorney, FRANKIE J ALVAREZ, ESQ., complains of the defendants, and alleges:

## AS AND FOR A FIRST CAUSE OF ACTION:

      FIRST: Jurisdiction is conferred on this Honorable Court pursuant to 28 USC §1332(a), based on the diversity of the parties and the amount of controversy.

      SECOND: Venue is based on defendants' place of business. Defendant, YEN's, place of business is 17 Main Street, Marlboro, NJ.

      THIRD: At all times herein mentioned, the defendants, GARY L. YEN, M.D., and INNOVATIVE PAIN MANAGEMENT, have places of business in New Jersey.

      FOURTH: Defendant, GARY L. YEN, M.D., (hereinafter referred to as "YEN"), was and is a doctor of medicine duly licensed to practice medicine in the State of New Jersey.

      FIFTH: Defendant, YEN, was, on or about July 16, 2012 continuing to, through and including May 27, 2014 a licensed practicing physician located at 17 Main Street, Marlboro, NJ 07746.

      SIXTH: Defendant, YEN, did and at all times herein mentioned, does maintain his practice at 17 Main Street, Marlboro, NJ 07746 amongst other locations.

SEVENTH: Defendant, YEN, held himself out to be a physician duly qualified and competent to render requisite medical, surgical care and treatment and/or pain management care to the public at large and, more particularly, to the Plaintiff named herein.

EIGHTH: Defendant, YEN, undertook and agreed to render medical, surgical care and treatment and/or pain management care to the Plaintiff.

NINTH: Defendant, YEN, negligently, recklessly and carelessly rendered medical care and treatment to the Plaintiff on or about July 16, 2012 continuing to, through, and including May 27, 2014.

TENTH: At all times herein mentioned, the Plaintiff was a patient under the professional care and treatment of Defendant, YEN.

ELEVENTH: Defendant, YEN, was negligent, careless and reckless in prescribing medicine, medical, surgical care and treatment and/or pain management care rendered to the Plaintiff.

TWELFTH: Defendant, YEN, was negligent, careless and reckless in supervising the prescription of medicine, medical, surgical care and treatment and/or pain management care rendered to the Plaintiff.

THIRTEENTH: The treatment rendered by defendant, YEN, was not in accord with good and acceptable standards of medical, surgical care and treatment and/or pain management care.

FOURTEENTH: As a result of the negligence, recklessness and carelessness of Defendant, YEN, and without any want of care on the part of the Plaintiff herein named, the

Plaintiff suffered grave bodily injury, complications related thereto, need for additional surgery and treatment, and mental anguish.

FIFTEENTH: This action falls within one or more of the exceptions set forth in CPLR 1602.

SIXTEENTH: As a result of the aforesaid, Plaintiff, **Melanie Carlin**, was damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION:

SEVENTEETH: Plaintiff repeats, reiterates and realleges each and every allegation contained in the FIRST CAUSE OF ACTION with the same force and effect as though more fully set forth herein at length.

EIGHTEENTH: That on or about July 6, 2012 and continuing through to and including May 27, 2014, Defendant, INNOVATIVE PAIN MANAGEMENT, was and still is accredited by the Joint Commission on the Accreditation of Hospitals, and was and still is located at 199 Main Street, Keansburg, New Jersey.

NINETEENTH: That on or about July 6, 2012 and continuing through to and including May 27, 2014, Defendant, INNOVATIVE PAIN MANAGEMENT, was and still is accredited by the Health Resources and Services Administration and/or the Accreditation Association for Ambulatory Health Care, and was and still is located at 199 Main Street, Keansburg, New Jersey.

TWENTIETH: Defendant, INNOVATIVE PAIN MANAGEMENT, was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of

New Jersey.

TWENTY-FIRST: Defendant, INNOVATIVE PAIN MANAGEMENT, was and is a duly licensed medical facility which is operated in accord with the laws and regulations of the State of New Jersey with standards for hospitals as set forth by the Joint Commission on the Accreditation of Hospitals.

TWENTY-SECOND: Defendant, INNOVATIVE PAIN MANAGEMENT, was and is a duly licensed medical facility which is operated in accord with the laws and regulations of the State of New Jersey with standards for hospitals as set forth by the Health Resources and Services Administration and/or the Accreditation Association for Ambulatory Health Care.

TWENTY-THIRD: Defendant, INNOVATIVE PAIN MANAGEMENT, owned, operated, managed, maintained and controlled a medical facility which provided nursing care, medical, surgical care and treatment as well as provided for the care of sick and ailing persons in New Jersey.

TWENTY-FOURTH: Defendant, INNOVATIVE PAIN MANAGEMENT, had in its employ, and/or under its control doctors, emergency room physicians, orthopedic surgeons, nurses, neurologists, lab technicians, radiation technicians, x-ray technicians, surgeons and other staff necessary to provide patients with medical care and attention.

TWENTY-FIFTH: Defendant, INNOVATIVE PAIN MANAGEMENT, its agents, servants and/or employees held itself out as qualified and competent to render requisite prescription of medicine, medical, surgical care and treatment to the public at large and, more particularly to the Plaintiff named herein.

TWENTY-SIXTH: Defendant, INNOVATIVE PAIN MANAGEMENT, undertook and agreed to render medical and surgical care and treatment to Plaintiff, MELANIE CARLIN, on or

about July 6, 2012 and continuing through to and including May 27, 2014.

TWENTY-SEVENTH: The treatment rendered by Defendant, INNOVATIVE PAIN MANAGEMENT, their agents, servants and/or employees was not in accord with good and acceptable standards of medical and/or surgical care.

TWENTY-EIGHT: Defendant, INNOVATIVE PAIN MANAGEMENT, its agents, servants and/or employees were negligent, careless and reckless in supervising the prescription of medicine, medical and/or surgical care and treatment rendered to Plaintiff, MELANIE CARLIN.

TWENTY-NINTH: Defendant, INNOVATIVE PAIN MANAGEMENT, its agents, servants and/or employees were negligent, careless and reckless in the prescription of medicine, and the rendering of medical and/or surgical care and treatment rendered to Plaintiff, MELANIE CARLIN.

THIRTIETH: As a result of the negligence, recklessness and carelessness of Defendant, INNOVATIVE PAIN MANAGEMENT, their agents, servants and/or employees, and without any want of care on the part of the Plaintiffs named herein, Plaintiff, MELANIE CARLIN, suffered grave bodily injury, complications related thereto, need for additional surgery and treatment, and mental anguish.

THIRTY-FIRST: This action falls within one or more of the exceptions set forth in CPLR 1602.

THIRTY-SECOND: As a result of the aforesaid, Plaintiff, **Melanie Carlin**, was damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

**WHEREFORE**, plaintiff demands judgment against defendants on the First Cause of Action in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and on the Second Cause of Action in the amount of TEN MILLION ($10,000,000.00) DOLLARS together with the costs and disbursements of this action.

Dated: New York, New York
      May 5, 2016

Sincerely,

_____
Frankie J. Alvarez, Esq.
Attorney for Plaintiff
43 West 43 Street, Suite 152
New York, New York 10036-7474

## ATTORNEY VERIFICATION

FRANKIE J ALVAREZ, an attorney, duly admitted to practice in the United States District Courts of the District of New Jersey, affirms under the penalties of perjury that:

He is the attorney for the plaintiff(s) in the above entitled action. That he has read the foregoing Complaint and knows the contents thereof, and upon information and belief, deponent believes that matters alleged therein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) herein reside(s) in a county other than the one in which the plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

Dated: New York, New York
May 26, 2016

_____
(Frankie J Alvarez, Esq.)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

============================================

MELANIE CARLIN
Plaintiff(s),

-against-

GARY L. YEN, M.D., and INNOVATIVE PAIN MANAGEMENT
Defendant(s).

============================================

SUMMONS AND VERIFIED COMPLAINT

============================================

**FRANKIE ALVAREZ, ESQ.**

Attorneys for: Plaintiff(s)
Office and Post Office Address, Telephone

43 West 43 Street Suite 152
New York, New York 10036-7424

============================================

Service of a copy of the within
is hereby admitted.
Dated,

_____
Attorney(s) for

============================================

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within name court on                                    19
☐ NOTICE OF SETTLEMENT
that an order                                                              of which the within is a true copy
will be presented for settlement to the HON.                              one of the judges of the
             within named Court, at
        on                            19              at              M.
Dated,

Yours, etc.

**FRANKIE J ALVAREZ, ESQ.**

============================================

RECEIVED
MAY 27 2016
AT 8:30
WILLIAM T. WALSH  M
CLERK